Filed 10/27/25  P. v. Honore CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338892 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA047208) |
| v. | |
| STEVEN LASHON HONORE, | |
| Defendant and Appellant. | |

THE COURT:

Steven Lashon Honore appeals from the denial of his petition for resentencing under Penal Code sections 1172.75 and 1172.1.[1]  His appellate counsel filed a brief consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216 identifying no issues, and appellant then filed a supplemental brief on his own behalf.  We dismiss the appeal because the trial court's order was not appealable.

---

[1] Undesignated statutory references are to the Penal Code.

## PROCEDURAL BACKGROUND

After a court trial in 1998, appellant was found guilty of attempted robbery and robbery, with findings that he personally used and discharged a firearm and that he had suffered two prior strikes and served one prior prison term. He was sentenced to 55 years to life in prison. The trial court did not impose a sentence for the prior prison term enhancement.

In April 2023, appellant filed a motion for the court to strike a prior prison term enhancement imposed under section 667.5, subdivision (b), which the trial court construed as a motion for relief under section 1172.75. The matter was set for a hearing but was continued multiple times. Counsel was appointed and in May 2024 filed a brief in support of appellant's motion, along with a letter of remorse, various certificates of completion of courses, and letters of support.

The trial court convened a hearing on appellant's motion on June 20, 2024, and denied it to the extent it was based on section 1172.75 because no sentence was imposed on appellant for his prior strike conviction. The court deemed his motion to also be made under section 1172.1, but denied it on that basis too because "a defendant is not entitled to file a petition seeking relief from the court under this section."

## DISCUSSION

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159; *People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).)

Section 1172.1 authorizes a trial court to recall the sentences of incarcerated defendants and resentence them "at

2

any time" upon the recommendation of certain correctional authorities, or "on its own motion" within 120 days of the date of the commitment. (§ 1172.1, subd. (a)(1).) The same section explicitly states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (*Id.*, subd. (c).) In *Hodge*, we concluded that a trial court's order denying a defendant's request for resentencing under section 1172.1 is not an appealable order because it does not affect a defendant's substantial rights, given that a trial court has no obligation to respond at all to such a request. (*Hodge*, *supra*, 107 Cal.App.5th at pp. 998–999.)

Section 1172.75 authorizes the trial court to recall and resentence those serving sentences that include prior prison term enhancements imposed under section 667.5, subdivision (b) before January 1, 2020, unless they resulted from convictions for certain sexually violent offenses. (§ 1172.75, subds. (a) & (c).) Like section 1172.1, section 1172.75 does not authorize defendants to petition the court to strike invalid enhancements. Rather, it directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes [a now invalid prior prison term] enhancement." (§ 1172.75, subd. (b).) "Under this express procedure, any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 383–384; accord, *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447–448.) Nothing

in the record suggests that the CDCR has identified appellant as an inmate who qualifies for relief under section 1172.75 (which makes sense, given that he received no sentence for his prior prison term enhancement).

The trial court lacked jurisdiction to resentence appellant in the absence of any appropriate statutory mechanism, and we similarly lack jurisdiction to entertain this appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

LUI, P. J.          RICHARDSON, J.      GOORVITCH, J.*

---

\* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4